# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| ZOAN BAPTIST CHURCH, a Virginia not-for-profit corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:17-cv-00475 ) |
| SPOTSYLVANIA COUNTY, a Virginia municipal corporation, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S MOTION FOR PRELIMINARY OR PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

Plaintiff, Zoan Baptist Church, a Virginia not-for-profit corporation ("Church"), by and through its attorneys, pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, moves this Court for a Preliminary or Permanent Injunction and a Declaratory Judgment as a matter of law against the Defendant, Spotsylvania County, Virginia ("County"). In support of this Motion, the Church incorporates by reference its previously filed Complaint ("Compl.") (Dkt.1), the exhibits attached to the Complaint, as well as the Memorandum of Law in Support ("Memo"), and hereby states as follows:

### KEY FACTS SUPPPORTING REQUEST FOR EQUITABLE AND DECLARATORY RELIEF

1. As set forth more fully in the Complaint (Dkt. 1-1) and accompanying exhibits, the Church is a religious organization seeking to live out its religious mission by operating a religious school at its property.

2. The Summit Academy, a religious educational institution and a ministry of the Church, has been utilizing the Church's education wing for instruction since August of 2016.

3. The Church's education wing has existed since the 1960s and has been approved by the County's building code for religious assembly and educational use through the 12th grade. The County's fire marshal has also approved the use of the education wing for up to fifty students.

4. Not only is the educational ministry an integral part of the Church, just as much as baptism or preaching, it also qualifies as an accessory use to the Church and should therefore be permitted at the property as of right.

5. Nevertheless, the County has refused to acknowledge that the ministry is part of the Church, questioning how the Church and its ministry can be compatible.

6. County officials have also held contradictory positions concerning whether the ministry is an accessory use, informing the Church its ministry is (i) not an accessory use; or that (ii) it is an accessory use but one that still needs a "special use permit"; and most recently (iii) "that an accessory use is not applicable to a new property use." The Church argues that the County is legally wrong on all accounts.

7. Thus, the County has informed the Church that it is operating its ministry at the property illegally and must submit to a discretionary, burdensome, and ultimately unnecessary special use application. The special use process would take between three and twelve months to complete, with no guarantee of approval, and cost the Church between $15,000 and $20,000.

8. The County has also informed the Church that seeking this special use permit would cause it to forfeit certain "grandfathered" privileges. For example, the County has told the Church that it is a probability that the Virginia Department of Transportation will require an assessment and the installation of new turn lanes, estimated by the Church to cost upwards of $200,000.

9. The expense associated with the special use process and the additional regulations as a result of losing "grandfathered" status was, and remains, cost prohibitive and would harm the Church and the operation of its other ministries.

10. Moreover, the Church and its ministry have been the recipients of inappropriate comments from County officials concerning, among other things, the religious nature of their relationship and the doctrinal compatibility of the Church and its ministry.

11. The County's actions and zoning ordinance have created a cloud of uncertainty about the continued existence of the ministry at the Church and have harmed, and continue to harm, the ministry's students and faculty every day that cloud remains.

12. As a result of the County's actions, the ministry's teachers, students, and parents have experienced, and continue to experience, anxiety and uncertainty about the future of the ministry at the Church.

13. The Church is suffering irreparable harm every day its constitutional and statutory rights are denied. The Church's damages here include its inability to freely pursue its religious mission and operate its ministry. Apart from this Court's intervention, the ministry may lose students and faculty as a result of the uncertainty caused by the County with respect to the future of the ministry at the Church.

14. Moreover, the County is forcing the Church to choose between operating its educational ministry and undergoing an expensive and burdensome special use process which would harm the Church and its other ministries. This is especially concerning if the special use process causes the Church to lose its "grandfathered' status and thereby be forced to comply with other regulations, such as, *inter alia*, constructing new turn lanes.

15. Because the fall school semester is quickly approaching, an emergency hearing is necessary to preserve the operation of the ministry and to assist students, teachers, and faculty members in making informed decisions concerning the upcoming school semester and beyond.

16. As argued fully in the Church's memorandum of law supporting this motion, the County's zoning ordinance and actions have violated the Church's constitutional and statutory rights.

17. The Church also requests waiver of any bond requirement.[1]

**WHEREFORE**, the Church respectfully prays that the Court grant the relief set forth in the prayer for relief.

### PRAYER FOR RELIEF

A. Declare that the County's Ordinance violates the Establishment Clause of the United States Constitution; the Substantial Burden provision of the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. 2000cc, *et. seq.*, and the Free Exercise Clause of the United States Constitution.

B. Enjoin the County, its officers, agents, employees, attorneys and all other persons acting in active concert with it, from enforcing its Ordinance, both facially and as applied to the Church, to require the Church to obtain a special use permit in order to operate its ministry;

C. Award damages for violation of the Church's constitutional and statutory rights and for the injuries and unlawful burdens it has incurred;

---

[1] *See Doctor John's, Inc. v. City of Sioux City*, 305 F.Supp.2d 1022, 1043-44 (N.D. Iowa 2004) ("[R]equiring a bond to issue before enjoining potentially unconstitutional conduct . . . simply seems inappropriate, because the rights potentially impinged by the governmental entity's actions are of such gravity that protection of those rights should not be contingent upon an ability to pay").

D. Award the Church its costs and expenses of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988, and other applicable law;

E. Grant such other relief as this Court deems appropriate.

Respectfully submitted this 28th day of June, 2017.

**ZOAN BAPTIST CHURCH**


By: ___/s/ Kevin A. Hoffman, Esq._____

James A. Davids, Esq. (VSB #69997)
Kevin A. Hoffman, Esq. (VSB #87632)
SINGER DAVIS, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Telephone: 757-301-9995
Facsimile: 757-233-1084
Email: jim.davids@singerdavis.law
Email: kevin.hoffman@singerdavis.law
*Local Counsel for Plaintiff*

| | |
|---|---|
| John W. Mauck, Esq. (IL #1797328) | Thomas Brecha, Esq. (IL #0288446) |
| Sorin A. Leahu, Esq. (IL #6315515) | Peter Breen, Esq. (IL #6271981) |
| MAUCK & BAKER, LLC | THOMAS MORE SOCIETY |
| One N. LaSalle St., Suite 600 | 19 South LaSalle Street, Suite 603 |
| Chicago, Illinois 60602 | Chicago, IL 60603 |
| Telephone: 312-726-1243 | Telephone: 312-782-1680 |
| Facsimile: 866-619-8661 | Facsimile: 312-782-1887 |
| Email: jmauck@mauckbaker.com | Email: tbrejcha@thomasmoresociety.org |
| Email: sleahu@mauckbaker.com | Email: pbreen@thomasmoresociety.org |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| *Pending *pro hac vice* admission | *Pending *pro hac vice* admission |

# CERTIFICATE OF SERVICE

I, Kevin A. Hoffman, hereby certify that on this 29th day of June, 2017 a true and correct copy of the foregoing was filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system. Additionally, a copy of the same was delivered via electronic transmission and first-class mail to the following recipient:

>Karl R. Holsten, Esq.
>Spotsylvania County Attorney
>PO Box 308
>Spotsylvania, VA 22553
>attorney@spotsylvania.va.us

                                                                      ___/s/ Kevin A. Hoffman, Esq._____